UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **REBECCA SANCHEZ-DIAZ,** § § § *Petitioner*, § v. § § **MARY DE ANDA-YBARRA,** Field Office § Director of Enforcement and Removal § Operations, El Paso Field Office, § Immigration and Customs Enforcement; § **KRISTI NOEM,** Secretary, U.S. § Department of Homeland Security; § **PAMELA BONDI,** U.S. Attorney General; § **WARDEN,** El Paso Processing Center; § **U.S. DEPARTMENT OF HOMELAND** § **SECURITY**; and **EXECUTIVE OFFICE** § **OF IMMIGRATION REVIEW**; § § *Respondents*. § | EP-26-CV-00351-DCG |

### ORDER TO SHOW CAUSE & DENYING MOTION
### FOR TEMPORARY RESTRAINING ORDER

Petitioner Rebecca Sanchez-Diaz ("Petitioner") challenges her detention pursuant to 28 U.S.C. § 2241.[1] The issues raised in the Petition require an answer from Respondents. The Court therefore **ORDERS** Respondents to show cause why the Court should not grant a writ of habeas corpus no later than **three days**.

Petitioner also moves for a Temporary Restraining Order.[2] For the reasons discussed below, the Court **DENIES** the Motion.

---

[1] *See generally* Am. Pet., ECF No. 3. This Petition was filed as a matter of right, so

[2] *See generally* Mot. TRO, ECF No. 4.

**I.      Background**

Petitioner filed the instant Petition for Writ of Habeas Corpus on February 9, 2026, while detained at the El Paso Service Processing Center in El Paso, Texas.[3] Petitioner challenges her detention on constitutional and regulatory grounds.[4] Petitioner asks the Court to order, *inter alia*, her immediate release or a bond hearing.[5]

**II.     Discussion**

    **A.     Habeas Corpus Petition**

Under 28 U.S.C. § 2241, a detainee may challenge her confinement as unlawful by filing a habeas corpus petition.[6] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") specify what the Court must do after receiving such a petition. Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, they also apply to petitions filed pursuant to § 2241.[7]

---

[3] *See id.* at 2.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

[4] *Id.* at 5–7. *See also id.* at 5 (raising statutory claim for preservation).

[5] *Id.* at 8. *See also id.* (detailing full scope of relief requested by Petitioner).

[6] *See* 28 U.S.C. § 2241(c) (requiring petitioner to show that she is "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[7] *See* Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

Habeas Rule 4 requires the Court to "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief."[8] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted."[9] Should the petition survive prescreening, "the judge *must* order the respondent[s] to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[10] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[11] However, courts have "discretionary authority" to alter the "strict time limits prescribed by § 2243."[12]

Having preliminarily examined the foregoing petition, the Court concludes that (1) summary dismissal is not appropriate, and (2) an extension of the default response time is not warranted. The Court will therefore order Respondents to show cause within three days why the Court should not grant the Petition. If necessary, the Court will order a hearing or additional briefing after reviewing the parties' filings.

---

[8] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[9] 28 U.S.C. § 2243.

[10] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring the district court to issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court acted "forthwith" by issuing a show cause order "just twenty-one days after [the] petition was filed").

[11] 28 U.S.C. § 2243.

[12] *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-CV-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that because Congress approved the Habeas Rules in 1976 and enacted § 2243 in 1948, the former governs the district court's authority to set response deadlines).

### B.     *Ex Parte* Temporary Restraining Order

The purpose of a TRO "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[13] The Court may *only* issue a TRO without notice to the adverse party if the movant (1) demonstrates "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[14]

Petitioner asks the Court to issue a TRO "directing Respondents to immediately release Ms. Sanchez-Diaz from ICE custody," "[e]njoin[ing] Respondents from re-detaining Ms. Sanchez-Diaz absent constitutionally sufficient process," and "waiv[ing] any bond requirement under Federal Rule of Civil Procedure 65(c)."[15] However, the Motion does not certify efforts already made to give notice or address the reasons why notice should not be required.[16] Because Petitioner has not carried the "extraordinary" burden required for an *ex parte* TRO, the Court denies the Motion.[17]

---

[13] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

[14] FED. R. CIV. P. 65(b)(1). By contrast, "[t]he court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1).

[15] Mot. TRO at 5.

[16] *See generally id.*

[17] *See, e.g.*, *Riot v. Apex Trader Funding Inc.*, 1:24-CV-1557-DII, 2024 WL 5703364, at *2 (W.D. Tex. Dec. 27, 2024).

The Court therefore denies Petitioner's "Motion for Temporary Restraining Order" (ECF No. 4) and will rule on the merits of the Petition after Respondents have been given the opportunity to respond.

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** Respondents to file a response to the "Amended Petition for Writ of Habeas Corpus" (ECF No. 3) by no later than **February 24, 2026**. This response must identify each factual allegation contained in the Petition that Respondents dispute. Petitioner may file a reply within <u>three days</u> after Respondents serve their response.[18] If necessary, the Court will order a hearing or additional briefing upon review of the pleadings.

The Court further **ORDERS** the parties to inform the Court if (1) an order of removal is entered against Petitioner while this case is pending; and (2) if the order of removal becomes final.[19]

The Court finally **DENIES** the "Motion for Temporary Restraining Order" (ECF No. 4).

The District Clerk shall **SERVE** copies of the "Petition for Writ of Habeas Corpus" (ECF No. 3) and this Order upon Respondents **and** the United States Attorney in El Paso, Texas.[20]

---

[18] *See generally* FED. R. CIV. P. 6(a) (providing methods for computing time).

[19] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").

[20] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").

**So ORDERED and SIGNED this 19th day of February 2026.**

_____

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**