**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **REBECCA SANCHEZ-DIAZ,** | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| **MARY DE ANDA-YBARRA,** | § | |
| *Field Office Director of Enforcement and* | § | |
| *Removal Operations, El Paso Field Office,* | § | |
| *Immigration and Customs Enforcement*; | § | |
| **MARKWAYNE MULLIN,** | § | |
| *Secretary, U.S. Department of Homeland* | § | |
| *Security*; | § | **EP-26-CV-00351-DCG** |
| **U.S. DEPARTMENT OF HOMELAND** | § | |
| **SECURITY;** | § | |
| **TODD BLANCHE,** | § | |
| *Acting U.S. Attorney General*; | § | |
| **EXECUTIVE OFFICE FOR** | § | |
| **IMMIGRATION REVIEW; and** | § | |
| **WARDEN OF THE EL PASO** | § | |
| **PROCESSING CENTER,** | § | |
| | § | |
| *Respondents*. | § | |

<u>**ORDER DENYING TEMPORARY RESTRAINING ORDER**</u>
<u>**AND SUBSTITUTING RESPONDENT**</u>

Petitioner Rebecca Sanchez-Diaz moves for a Temporary Restraining Order ("TRO")

requiring Respondents to "immediately release Petitioner from ICE custody, or in the alternative,

order a constitutionally adequate bond hearing within 48 hours."[1]

---

[1] *See* TRO Mot., ECF No. 8, at 4.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF
system, rather than the cited document's internal pagination.

"[T]he primary purpose of a [TRO] is to *maintain* the status quo"—not "change it."[2]  As such, "a court cannot render [the] ultimate relief sought in a habeas petition—releasing a detainee—in the form of a . . . TRO."[3]  Put another way, where a motion for a TRO "seek[s] the same relief" as a pending habeas petition, the court must deny the motion—otherwise, the motion for "immediate release would function as a form of accelerated review, circumventing the habeas process."[4]

Here, the relief Petitioner seeks in her TRO Motion is essentially the same ultimate relief that Petitioner seeks in her pending Petition for Writ of Habeas Corpus: immediate release from detention, or, barring that, a prompt bond hearing.[5]  As such, the TRO Motion is procedurally improper.[6]

---

[2] *E.g.*, *Ruffin v. Turner*, No. 2:25-cv-169, 2026 WL 220912, at *1 (S.D. Miss. Jan. 27, 2026) (emphasis added).

[3] *E.g.*, *Saechao v. Noem*, No. 3:26-CV-0624, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026).

[4] *E.g.*, *Ortega v. U.S. Immigr. & Customs Enf't*, No. 6:26-CV-00865, 2026 WL 776600, at *1 (W.D. La. Mar. 18, 2026) (citation modified).

*See also, e.g.*, *Cano Alvarez v. S. La. ICE Processing Ctr.*, No. 26-0696, 2026 WL 660752, at *1 (W.D. La. Mar. 9, 2026) ("The Petitioner's request for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes.").

[5] *Compare* TRO Mot. at 4 (seeking a TRO "directing Respondents to immediately release Petitioner from ICE custody, or in the alternative, order a constitutionally adequate bond hearing within 48 hours"), *with* Pet., ECF No. 1, at 8 ("Petitioner prays that this Court . . . [i]ssue a writ of habeas corpus requiring that within one day, Respondents release Petitioner. . . . Alternatively, issue a writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing . . . within seven days.").

[6] *See supra* notes 2–4 and accompanying text.

Accordingly, the Court **DENIES** Petitioner's "Motion for Temporary Restraining Order" (ECF No. 8).

The Court will rule on Petitioner's "Petition for Writ of Habeas Corpus" (ECF No. 1) in due course, as its heavy caseload permits.[7]

Finally, the Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Acting U.S. Attorney General Todd Blanche in Former Attorney General Pamela Bondi's place as a named Respondent in this case.[8]

**So ORDERED and SIGNED this 8th day of April 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[7] *See, e.g.*, *Huanaga-Luna v. Bondi*, No. 3:26-CV-00462, 2026 WL 822444, at *1 (W.D. Tex. Mar. 19, 2026) (Guaderrama, J.) ("Since June 2025, the undersigned Judge has received roughly 105 habeas corpus petitions from immigration detainees.  Approximately 85 of those petitions remain pending before the undersigned Judge.  Importantly, roughly 55 of those 85 petitions have been pending for longer than the Petition here.  Absent overriding interests (such as medical need), fairness considerations favor resolving older petitions before newer ones." (citation modified)).

[8] *Compare* Pet. at 6–7 ("Respondent Pamela Bondi is the Attorney General of the United States. . . . She is sued in her official capacity."), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").