# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **REBECCA SANCHEZ-DIAZ,** | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **MARY DE ANDA-YBARRA,** | § | |
| *Field Office Director of Enforcement and* | § | |
| *Removal Operations, El Paso Field Office,* | § | |
| *Immigration and Customs Enforcement*; | § | |
| **MARKWAYNE MULLIN,** | § | |
| *Secretary, U.S. Department of Homeland* | § | |
| *Security*; | § | **EP-26-CV-00351-DCG** |
| **U.S. DEPARTMENT OF HOMELAND** | § | |
| **SECURITY;** | § | |
| **TODD BLANCHE,** | § | |
| *Acting U.S. Attorney General*; | § | |
| **EXECUTIVE OFFICE FOR** | § | |
| **IMMIGRATION REVIEW; and** | § | |
| **WARDEN OF THE EL PASO** | § | |
| **PROCESSING CENTER,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER

Petitioner Rebecca Sanchez-Diaz's counsel[1] has submitted a series of procedurally-noncompliant filings seeking an immediate ruling on Petitioner's Petition for Writ of Habeas Corpus.  The Court rules on those filings as follows.

---

[1] For the purposes of this Order, the Court will use "Counsel" to refer exclusively to Petitioner's counsel.

## I.    BACKGROUND

### A.    Petitioner's Habeas Corpus Petition

Counsel filed a Petition for Writ of Habeas Corpus on Petitioner's behalf on February 5, 2026.[2]  The Petition seeks Petitioner's immediate release from immigration detention—or, barring that, a bond hearing.[3]

The Petition is one of over 160 habeas corpus petitions that have been assigned to the undersigned Judge since June 1, 2025.  Over 120 of those petitions—including the Petition here—currently remain pending.  More than 30 of those 120 petitions have been pending for longer than the Petition here.

### B.    Petitioner's Motion for Status Update

On May 3, 2026, Counsel filed a document entitled "Petitioner's Motion for Status Update."[4]  As its title suggests, the Motion asks the Court to "provide a status update regarding the pending Petition."[5]

Counsel made several procedural errors when filing the Motion for Status Update.  First, Counsel has designated herself as counsel of record not just for Petitioner, but also for one of the Respondents:

---

[2] *See* Pet., ECF No. 1, at 8.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[3] *Id.*

[4] *See* Mot. Status Update, ECF No. 13, at 1–2.

[5] *Id.* at 2.

<span style="background-color: yellow">**Respondent**</span>
<span style="background-color: yellow">**Mary De Anda-Ybarra**</span>
*Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement*

represented by **Lacy L. McAndrew**
DOJ-USAO
US Attorney's Office
601 NW Loop 410
Suite 600
San Antonio, TX 78216
210-384-7340
Email: lacy.mcandrew@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary F. Kruger**
United States Attorneys Office
Chief, Civil Division
601 NW Loop 410, Suite 600
San Antonio, TX 78216
210-384-7300
Fax: 210/384-7322
Email: mary.kruger@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deborah Lane Fischer**
DOJ-USAO
700 E San Antonio
Ste 200
El Paso, TX 79901
915-534-6884
Email: deborah.fischer@usdoj.gov
*ATTORNEY TO BE NOTICED*

<span style="background-color: yellow">**Gracilene Brooks**</span>
(See above for address)
*ATTORNEY TO BE NOTICED*

Thus, when filing the Motion for Status Update, Counsel docketed it as a filing by Respondent Mary De Anda-Ybarra rather than a filing by Petitioner:

| 05/03/2026 | 🌐 13 | RESPONSE *REQUESTING FOR UPDATED STATUS* <span style="background-color: yellow">by Mary De Anda-Ybarra.</span> (Brooks, Gracilene) (Entered: 05/03/2026) |
|---|---|---|

Counsel also docketed the Motion for Status Update as a "Response" rather than as a "Motion":

| 05/03/2026 | 13 | **RESPONSE** *REQUESTING FOR UPDATED STATUS* by Mary De Anda-Ybarra. (Brooks, Gracilene) (Entered: 05/03/2026) |

As a result, the Motion for Status Update does not currently appear as a pending motion on the Court's docket.

## C.    Petitioner's Request for Expedited Ruling

Then, on May 8, 2026, Counsel filed a document entitled "Petitioner's Renewed Request for Prompt Ruling on Pending Habeas Petition."[6]  As its title likewise suggests, that filing asks the Court to "promptly issue a ruling on" the Petition—or, barring that, "set the matter for an immediate hearing or grant appropriate interim relief, including an individualized bond hearing or conditional release."[7]

Once again, Counsel docketed that filing as a "Response" by Respondent Mary De Anda-Ybarra, rather than as a pending "Motion" by Petitioner:

| 14 | **RESPONSE** in Support, filed by Mary De Anda-Ybarra, re 3 MOTION to Amend Complaint filed by Petitioner Rebecca Sanchez-Diaz *REQUEST TO RULING UNDER REASONALBE PATIENCE TAKEN* (Brooks, Gracilene) (Entered: 05/08/2026) |

Thus, the "Request for Prompt Ruling" doesn't currently appear as a pending motion on the Court's docket either.

---

[6] *See* Mot. Prompt Ruling, ECF No. 14, at 1, 3.

[7] *See id.* at 2–3.

## II.    DISCUSSION

Although Counsel didn't style the "Request for Prompt Ruling" as a Motion,[8] the Court construes it as a Motion because it seeks a court order.[9]

Having construed the Request as a Motion, the Court **DENIES** it.  As this Court has previously explained, "[a]bsent the resources to decide" the "crushing number of immigration habeas petitions [this Court has] received . . . more quickly," "the Court can only do its best" to rule on those petitions expeditiously.[10]  The Court has also explained that "[a]bsent overriding interests (such as medical need), fairness considerations favor resolving older petitions before newer ones."[11]  So, to justify the Court ruling on the instant Petition before the 30 petitions in front of it, Petitioner must identify some exigent circumstance that "set[s] [her] apart from every other" immigration detainee with a pending habeas case.[12]

As grounds for obtaining an expedited ruling on her Petition, Petitioner argues that:

(1)     her "continued detention causes an ongoing deprivation of liberty each day the Petition remains unresolved;" and

(2)     "[t]he Petition is fully briefed," and "[n]o further factual development appears necessary for the Court to decide the issues presented."[13]

---

[8] *See id.* at 1.

[9] *See* FED. R. CIV. P. 7(b)(1) ("A request for a court order must be made by motion.").

[10] *Huanaga-Luna v. Bondi*, No. 3:26-CV-00462, 2026 WL 822444, at *2 (W.D. Tex. Mar. 19, 2026).

[11] *Id.* at *1 (citation modified).

[12] *See id.*

[13] *See* Mot. Prompt Ruling at 2.

The same is true of all 30 of the detainees whose petition has been pending for longer than the Petition here.  "Regrettably, that means that Petitioner—just like the numerous other detainees awaiting a ruling on their respective habeas petitions—must wait her turn."[14]

### III.   CONCLUSION

The Court therefore **CONSTRUES** "Petitioner's Renewed Request for Prompt Ruling on Pending Habeas Petition" (ECF No. 14) as a Motion and **DENIES** it.

Because this Order effectively gives Petitioner an update regarding her case's status, the Court **GRANTS** "Petitioner's Motion for Status Update" (ECF No. 13).

The Clerk of Court **SHALL MODIFY** the docket entries for ECF Nos. 13 and 14 to reflect that:

(1)     the filings are "Motions" rather than "Responses;" and

(2)     Counsel filed the documents on behalf of Petitioner Rebecca Sanchez-Diaz rather than Respondent Mary De Anda-Ybarra.

The Clerk of Court **SHALL REMOVE** Gracilene Brooks from the list of attorneys designated as counsel of record for Respondent Mary De Anda-Ybarra.

The Court **RESPECTFULLY REQUESTS** that Counsel take greater care to avoid errors when filing documents on the case docket.

The Court will rule on the Petition in due course, as its caseload permits.

**So ORDERED and SIGNED this 11th day of May 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[14] *See Huanaga-Luna*, 2026 WL 822444, at *2.