**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **REBECCA SANCHEZ-DIAZ,** | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| | § | |
| **MARY DE ANDA-YBARRA,** | § | |
| *Field Office Director of Enforcement and* | § | |
| *Removal Operations, El Paso Field Office,* | § | |
| *Immigration and Customs Enforcement*; | § | |
| **MARKWAYNE MULLIN,** | § | |
| *Secretary, U.S. Department of Homeland* | § | |
| *Security*; | § | **EP-26-CV-00351-DCG** |
| **U.S. DEPARTMENT OF HOMELAND** | § | |
| **SECURITY;** | § | |
| **TODD BLANCHE,** | § | |
| *Acting U.S. Attorney General*; | § | |
| **EXECUTIVE OFFICE FOR** | § | |
| **IMMIGRATION REVIEW; and** | § | |
| **WARDEN OF THE EL PASO** | § | |
| **PROCESSING CENTER,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER

Petitioner Rebecca Sanchez-Diaz's counsel has filed a document entitled "Petitioner's Response to Court Order, Request for Next Friend Recognition, and Supplemental Brief" (ECF No. 11, hereinafter the "Filing"). The Filing consists of multiple sections, each of which addresses a different topic or request for relief.[1] The Court considers each section in turn.

---

[1] *See* Filing, ECF No. 11, at 1–3.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

## I.    DISCUSSION

### A.    Petitioner's Request for Next Friend Recognition

One section of the Filing asks the Court to recognize Petitioner's husband Andrew Brashear as Petitioner's next friend in this matter.[2]  The Court denies that request without prejudice because it is procedurally noncompliant.  If Petitioner seeks a court order recognizing Mr. Brashear as her next friend, she must file a motion in accordance with the Federal Rules of Civil Procedure[3]—not a "Request" buried within a "Response" or a "Supplemental Brief."[4]

Any such motion must also comply with Local Rule CV-7(g)'s conference requirement.[5] The Filing contains no indication that Petitioner's counsel conferred with Respondents' counsel before docketing it.[6]

### B.    Petitioner's Supplemental Brief

Another portion of the Filing consists of a "Supplemental Brief" directing the Court's attention to a new case from the Eastern District of California.[7]  To the extent the Filing consists

---

[2] *See id.* at 1–2.

[3] *See* FED. R. CIV. P. 7(b)(1) ("A request for a court order must be made by motion.").

[4] *See* Filing at 1–3.

[5] *See* W.D. TEX. L.R. CV-7(g) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.").

[6] *See* Filing at 1–5 (lacking any indication that Petitioner's counsel conferred with Respondents' counsel before submitting the Filing).

The Filing also lacks a Proposed Order.  The Court does not now decide whether a Motion to Recognize Next Friend would qualify as a "case management motion" that is subject to Local Rule CV-7(f)'s proposed order requirement.  *See* W.D. TEX. L.R. CV-7(f) ("A proposed order is required for all discovery and case management motions.").

[7] *See* Filing at 2–3 (citing *Feng v. Lyons*, No. 1:26-cv-00235, 2026 WL 472635 (E.D. Cal. Feb. 19, 2026)).

of supplemental briefing, it is unauthorized.  Briefing on the Petition ended when Petitioner filed her Reply on February 27, 2026.[8]  Local Rule CV-7(e)(1) states that once a party has filed a reply brief, "no further submissions . . . are allowed" "[a]bsent leave of court."[9]  Because Petitioner neither requested nor obtained the Court's leave to file a Supplemental Brief, the Court will disregard the Filing to the extent it contains additional briefing.

**C**  **Petitioner's Request for Immediate Release**

The Filing also asks the Court to "[o]rder Petitioner's immediate release under reasonable conditions, without an order to conduct an individualized bond hearing."[10]  The Court denies that request for the reasons stated in its prior Orders.[11]  The Court will decide whether (and, if appropriate, under what conditions) to grant Petitioner's release when it rules on her Petition for Writ of Habeas Corpus.  As the Court previously stated, the Court will do so "in due course, as its caseload permits."[12]

**D.**  **Petitioner Improperly Docketed the Filing**

Finally, like several of Petitioner's other submissions in this case,[13] the Filing is misdocketed.  As the screenshot below reflects, Petitioner's counsel miscaptioned the Filing as a

---

[8] *See* Pet'r's Reply, ECF No. 7, at 14.

[9] *See* W.D. TEX. L.R. CV-7(e)(1).

[10] *See* Filing at 3.

[11] *See* Order Den. TRO, ECF No. 12, at 1–3 (declining to circumvent the habeas process by granting Petitioner immediate release in the form of a TRO).

*See also* Order Den. Mot. Immediate Ruling, ECF No. 15, at 5–6 (denying Petitioner's "Request for [a] Prompt Ruling" on her Petition because Petitioner had failed to identify any exigent circumstance that would justify ruling on her Petition before 30 other petitions that have been pending for longer).

[12] *See id.* at 6.

[13] *See id.* at 2–4.

"Reply" to a "Response" to her Motion for Temporary Restraining Order ("TRO"),[14] even

though Respondents never filed a Response to that Motion:

| 03/31/2026 | 11 | REPLY to Response to Motion, filed by Rebecca Sanchez-Diaz, re 8 MOTION for Temporary Restraining Order filed by Respondent Mary De Anda-Ybarra ( Gracilene) (Entered: 03/31/2026) |
| --- | --- | --- |

To maintain an accurate record, the Court will direct the Clerk's office to correct the Filing's

docket description accordingly.[15]

## II.    CONCLUSION

To the extent the Filing contains a "Request for Next Friend Recognition,"[16] the Court

**DENIES** that request **WITHOUT PREJUDICE** to Petitioner filing a procedurally compliant

motion seeking to recognize Mr. Andrew Brashear as Petitioner's next friend in this matter.

The Court **DISREGARDS** the portion of the Filing underneath the caption

"III. Supplemental Brief on Prolonged Detention."[17]

To the extent the Filing asks the Court to "[o]rder Petitioner's immediate release under

reasonable conditions, without an order to conduct an individualized bond hearing,"[18] the Court

**DENIES** it.  The Court will decide whether to release Petitioner (and, if appropriate, under what

conditions) when it rules on her pending Petition for Writ of Habeas Corpus.  The Court will do

so in due course, as its heavy caseload permits.

---

[14] The Court denied Petitioner's TRO Motion on April 8, 2026.  *See* Order Den. TRO.

[15] *See infra* Section II.

[16] *See id.* at 1–2.

[17] *See id.* at 2–3.

[18] *See id.* at 3.

The Clerk of Court **SHALL CORRECT** the docket entry for ECF No. 11 to reflect the Filing's true title, as well as to reflect that the Filing is not a Reply to a nonexistent Response to Petitioner's Motion for a TRO.

Finally, the Court **RESPECTFULLY REQUESTS** that Petitioner's counsel follow all applicable rules and procedures when filing any future documents on the case docket. Correcting procedural errors and addressing procedurally noncompliant filings diverts the Court's time and attention from deciding immigration habeas petitions on their merits.  If Petitioner's counsel continues to disregard applicable rules and procedures going forward, the Court will consider ordering her to obtain local co-counsel.[19]

So ORDERED and SIGNED this 12th day of May 2026.

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[19] *See* W.D. TEX. L.R. AT-2 ("A judge presiding has discretion to require, upon notice, that an attorney who resides outside the district designate as local counsel an attorney who is licensed in this court and maintains a law office in this district.  Local counsel must have authority to act as attorney of record for all purposes, and must be prepared to present and argue the party's position at any hearing or status conference called.").